to tell the whole truth, and be carefully examined. The first certificate of the notary is that he was duly sworn, and it is to be supposed from that statement that the witness was legally sworn; that is, that he took the oath prescribed by the statute of Illinois. But that is not sufficient. It must be certified in the form prescribed by the statute that witness was sworn to tell the whole truth; not merely that he should true answers make to the interrogatories propounded to him. But the second certificate of the notary is that the witness was first sworn to tell the truth, the whole truth, and nothing but the truth touching the interrogatories propounded to him. What the witness should have been sworn to do in this ex parte proceeding was to tell the whole truth as far as he knew it respecting the matter in controversy between the plaintiff and defendant. He might well have told the truth in answer to all questions propounded to him, and then have suppressed facts within his knowledge about which he was not interrogated, and yet those facts might have been of infinite importance to the defendant. But laying this aside, how was the witness sworn on this occasion? The notary further certifies that he was sworn on the Holy Evangels of Almighty God; the witness says he was not. If there be a statutory form of oath in the place where the witness is examined, that is the form to be used upon an examination under section 864 of Revised Statutes of the United States, unless the deponent expresses conscientious scruples respecting that form. If he expresses such conscientious scruples the oath which he regards as binding upon his conscience must be administered to him, and the commissioner or other examining officers must certify the reason which caused him to vary from the customary or statutory form of oath. But in this instance the notary certifies first, that he duly swore the witness; that is, according to the customary or statutory form; and then he certifies that he swore him according to another form, without alleging any conscientious objection to the statutory form on the part of the witness, and the witness states in his examination that he was not sworn on the Holy Evangels of Almighty God, as the notary certifies he was sworn. The notary had no authority to vary the customary form of oath unless the witness had conscientious scruples respecting that form, and we suppose he did so vary it because of the witness's scruples. If he did so do, the witness declares he was not sworn at all, and even if he were, the notary does not certify that under the form the witness was sworn to tell the whole truth.

There are other reasons filed for a new trial, but they all depend upon the disposition of this question respecting the admissibility of this deposition; except perhaps one, and that the verdict must stand. This motion is denied.

NOTE [from 4 Cent. Law J. 225]. This case shows the necessity of exercising great care on taking and certifying depositions de bene esse, to be used in the federal courts. The first case bearing on the leading proposition involved in it is that of Garrett v. Woodward [Case No. 5,253]. There the witness was affirmed to testify the truth concerning all the matters touching which he should be questioned. The deposition was rejected. The next case was that of Rainer v. Haines, Hemp. 689. There the witness was duly sworn to testify the truth in regard to the matters in controversy. The deposition was suppressed. The next case was that of Shutte v. Thompson, 15 Wall. [82 U. S.] 151. There it did not appear that the witness was sworn to testify the whole truth. The court held that this defect was sufficient to require the rejection of the deposition, but also decided that the objection had been waived. From this review of the authorities, it will be seen, that the principal proposition involved in this case is fully supported. The forms contained in reliable works on practice in the federal courts are in conformity with this doctrine.

## Case No. 17,853a

### WILSON SEWING MACH. CO. v. MORENO et al.

[See 7 Fed. 806.]

## Case No. 17,854.

### WILT v. STICKNEY.

[15 N. B. R. 23;[1] 5 Am. Law Rec. 630.]

District Court, N. D. Ohio. Dec. 9, 1876.

BANKRUPTCY—LIMITATIONS.

The limitation of two years in section 2057 does not apply to a proceeding to review a decree in equity.

[This was a bill of review filed by George F. Wilt, administrator of Harrison Wilt, against Edson Stickney, assignee in bankruptcy of Peter I. Vanderveer, to review a decree of this court declaring invalid a mortgage held by the said Harrison Wilt on certain of the bankrupt's property, and directing a sale thereof.]

Sherlock J. Andrews, for demurrer.

J. E. Ingersoll, contra.

WELKER, District Judge. On the 8th day of September, 1870, the defendant as assignee filed his bill in equity in this court, stating that the bankrupt Vanderveer owned certain real estate at the time of the filing of the petition in bankruptcy, and on which Harrison Wilt claimed a mortgage lien; that there were several other mortgages thereon; alleging that the mortgage of Wilt was void, and asking the court to so declare it, and order the sale of the real estate clear and free of the mortgage lien so claimed by Wilt. Answer thereto was filed by Wilt, claiming the mortgage to be a valid lien on the real estate, and asking its sale and proceeds applied to its payment. On the 11th of March, 1871, the cause was heard in this court, and on

_____
[1] [Reprinted from 15 N. B. R. 23, by permission.]